**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**FREDERICK PILITZ,**

    **Plaintiff,**

    **v.**                                              Case No.: 6:11-cv-388-ORL-19KRS

**BLUEGREEN CORPORATION,**

    **Defendant.**

_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS & COMPEL ARBITRATION**

Plaintiff, Frederick Pilitz, through undersigned counsel respectfully submits the instant Memorandum of Law in Opposition to Defendant, Bluegreen Corporation's Motion to Dismiss & Compel Arbitration ("Motion"). (Doc. 12). Defendant's Motion should be denied for the reasons below which constitute good cause shown.

**MEMORANDUM OF LAW**

Defendant's Motion cannot be granted as a matter of law because under Section 3 of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., the Court cannot dismiss the instant action but must retain jurisdiction over the Parties should the Court rule that arbitration is warranted. See Sammons v. Sonic-North Cadillac, Inc. d/b/a Massey Cadillac, 2007 U.S. Dist. LEXIS 57357 (M.D. Fla. Aug. 7, 2007). Defendants asked Plaintiff to dismiss this case. However, Plaintiff declined because doing so will prejudice him. On Page 14 of Defendant's Motion, Defendants seem to argue that this case should be dismissed with prejudice.

The U.S. Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a

ninety (90) day Notice of Right Sue letter dated December 13, 2010. On March 14, 2011, Plaintiff timely filed his Age Discrimination in Employment Act ("ADEA") Complaint within 90 days of his receipt of the EEOC's Notice of Right to Sue. If Plaintiff dismisses his timely ADEA Complaint and files for arbitration, his federal ADEA rights will expire as the 90-day filing period has long passed. This is unconscionable. "The FAA allows state law to invalidate an arbitration agreement, provided the law at issue governs contracts generally and not arbitration agreements specifically." Bess v. Check Express, 294 F.3d 1298, 1306 (11th Cir. 2002).

Florida courts recognize that the term "unconscionable" as it relates to contracts generally means "shocking to the conscience," "monstrously harsh," or "to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." See Gainesville Health Care Ctr., Inc. v. Weston, 857 So. 2d 278, 283-84 (Fla. 1st DCA 2003)(internal citations and quotations omitted). Under Florida law, "[b]efore a court may hold a contract unconscionable, it must find that it is *both* procedurally and substantively unconscionable." Id. (emphasis in original); see also Golden v. Mobil Oil Corp., 882 F.2d 490, 493 (11th Cir. 1989). The test for procedural unconscionability examines the manner in which the contract was entered, and the court must determine whether the complaining party had a meaningful choice at the time of the contract. Fonte v. AT&T Wireless Servs., Inc., 903 So. 2d 1019, 1025 (Fla. 4th DCA 2005); Gainesville Health, 857 So. 2d at 284. The substantive component focuses on the terms of the agreement itself in order to determine whether those terms are unreasonable and unfair. Powertel, Inc. v. Bexley, 743 So. 2d 570, 574 (Fla. 1st DCA 1999); Fonte, 903 So. 2d at 1025. More specifically, the court must

determine whether the terms "are so outrageously unfair as to shock the judicial conscience." Gainesville Health, 857 So. 2d at 284-85 (internal quotations omitted).

Dismissal is unwarranted if it results in Plaintiff's inability to prosecute his ADEA claims as AR, Rule 1, B. portends will occur. The FAA requires arbitration of a statutory cause of action unless arbitration impairs a statute's remedial function or renders it ineffective as a deterrent. See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 637, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985). Florida courts have held that an arbitration agreement is unenforceable for public policy reasons if it defeats the remedial purpose of the statute upon which the action is based, or deprives the plaintiff of the ability to obtain meaningful relief. See Powertel, Inc. v. Bexley, 743 So. 2d 570, 576 (Fla. 1st DCA 1999). In addition, Plaintiff signed the AA because doing so was a term of hire. Therefore, it is procedurally and substantively unconscionable for the reasons outlined below.

**1. Plaintiff timely filed his ADEA Complaint on or about day 85 of the EEOC's 90-day Notice of Right to Sue period.**

Defendant's Arbitration Rules ("AR") say that Plaintiff had to file a Request for Arbitration ("RFA"). The AR goes on to state that filing a court complaint rather than an RFA will not toll his statute of limitations. (Doc. 12-3, p. 3, ¶ B). If Plaintiff or the Court dismisses this Complaint and Plaintiff is forced to file an RFA, Defendant will claim that his ADEA claims are outside the 90-day statute of limitations period and that dismissal of the RFA is warranted. This is unconscionable for the reasons stated above—namely, that this scheme "unreasonably favors" the Defendant, prejudices Plaintiff, and prevents him from vindicating his ADEA rights. Notably, Defendant did not ask Plaintiff to file an RFA when it learned about his timely EEOC

Charge of Discrimination. Therefore, the Court should not now dismiss this action when doing so may forever preclude Plaintiff from preserving and prosecuting his ADEA claims.

   **2.   According to Defendant's ARs, Plaintiff has to pay "the Employer" an additional $150.00 for the arbitration above and beyond the $350.00 filing fee that he already paid the Court. (Doc. 12-3, p. 3, ¶ A(3)).**

This is unconscionable. Undersigned counsel has never seen an arbitration arrangement where the employee has to pay the employer a filing fee in order to prosecute a claim for employment discrimination against that employer. In fact, according to page 11 of the AR, Plaintiff has to pay Defendant $350.00 as opposed to $150.00 because the Employer's arbitration fee "shall" be equal to the filing fee for a civil action. (Doc. 12-3, p. 11, Rule 13). The AR is dated "10/17/02" and, according to the AR, filing fees at that time were $150.00. In other words, in order to begin prosecuting this claim, Plaintiff will have to pay $700.00 ($350.00 to the Court and $350.00 to the employer). This is unconscionable as an unwarranted impediment to Plaintiff's ability to access the Court and vindicate his ADEA rights. Plaintiff requests that the Court deny Defendant's Motion to Dismiss & Compel Arbitration.

   **3.   Neither the Arbitration Agreement ("AA") nor Defendant's ARs identify the arbitration administrator, organization, or service under whose auspices the arbitration will be conducted.**

Defendant's AR is very dated and it is not a model of clarity. This should cause the Court some pause. Defendant's AR references an "arbitration administrator" who apparently is either an employee or agent of the employer. However, neither the AA or the AR specifically identify this person or entity. Furthermore, starting on Page 7 of the Table of Contents, the AR contains about 10 or 11 pagination errors indicating that the AR may be short by one (1) page. For example, the Table of Contents says Page 13 contains "Rule 17.…Appeals." However, Page

13 contains Defendant's "Request for Arbitration" and "Appeals" are on Page 12.  This could simply mean that the AR is poorly written.  Or, it could mean that the AR is materially defective because a page or substance is missing.  Plaintiff did not receive the AR until he filed this action, and he certainly did not write it.  Therefore, it is Defendant's onus to address this issue.

Moreover, undersigned counsel and the Court are familiar with established arbitration *services* such as the American Arbitration Association ("AAA") and the National Association of Securities Dealers ("NASD").  The AA and the ARs are silent in this regard.  They do not identify the arbitration service, who will select "the arbitration/dispute resolution service" or how this service will be selected.  (Doc. 12-3, p. 5, Rule 5, ¶ A).  This is unconscionable.  The standard for unconscionability under Florida law "include[s] an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party."  See Gainesville Health Care Ctr., Inc. v. Weston, 857 So. 2d 278, 283-84 (Fla. 1st DCA 2003)(internal citations and quotations omitted).  Selection of the arbitration service lacks any procedure, was not agreed to when Plaintiff was hired, and is at the Defendant's sole discretion.  Defendant's request for dismissal and arbitration should be denied.

> **4.** **According to the ARs, the discovery period is capped at sixty (60) days, the Parties are only entitled to three (3) depositions per side, twenty (20) Interrogatories, and fifteen (15) Requests for Documents.**

This is unconscionable.  The ARs are silent about Requests for Admissions and Written Interrogatories which will clearly have to be propounded based on the deposition, Interrogatory, and Request for Documents limitations.  (Doc. 12-3, p. 8, ¶ C).  This is an employment discrimination case not a garden variety breach of contract or unpaid wages case.  Plaintiff's burden of proof is high as he must establish that age was the reason for his harassment, transfer,

and discharge. See Gross v. FBL Financial Services, Inc., 129 S.Ct. 2343 (2009)(indicating that an age discrimination plaintiff must prove that age was the but for cause for the adverse employment action rather than a substantial, motivating factor). Gross was not the law when Defendant's AR was published in 2002.

Extensive discovery will be required to prove up intentional age discrimination. Based on a cursory reading of the Complaint, Plaintiff will have to depose at least ten (10) witnesses: the discriminating and retaliating officials, Steve Phelps and Joel Font; the Human Resources Representative that informed Plaintiff that he was discharged, Melanie [last name unknown]; the manager that informed Plaintiff that he was being reassigned, Dominic Spirito; and employees who either witnessed or to whom Plaintiff communicated his objections about age harassment and discrimination: Paul Stevens, Fernando Quintana, Michael West, Pedro Acrcia, Pat Heidle, Amy Wiley, and Giovanni Garcia. The AR's discovery limitations unwarrantedly benefit Defendant who only needs to depose the Plaintiff and prejudices Pilitz who has to engage in extensive fact-finding to establish age discrimination.

The Defendant's case citations for the proposition that limitations on depositions, Interrogatories, and Requests for Documents are permissible are from Courts outside the Middle District. See Kotch v. Clear Channel Broadcasting, Inc., 2004 U.S. Dist. LEXIS 4424 (S.D. Fla. March 8, 2004); Fernandez v. Clear Channel Broadcasting, Inc., 268 F. Supp. 2d 1365 (S.D. Fla. 2003). Furthermore, those cases are distinguishable from this case where the ARs do not provide for other discovery tools such as Requests for Admissions or Written Depositions to compensate for limitations on depositions, Interrogatories, and Requests for Documents. In the absence of Rule 26 Disclosures, Plaintiff will have to use his limited Interrogatories to gather

basic information like names, addresses, and telephone numbers of witnesses and relevant documents. The ARs unreasonably favor Defendant and, therefore, its request for dismissal and arbitration must be denied.

> **5. According to the AR, Defendant is allowed three (3) corporate representatives.**

Plaintiff does not believe that it is an accident that depositions are capped at three (3) and that Defendant is entitled to have three (3) corporate representatives of its choosing "during the proceedings" which includes the hearing and possibly the depositions. Plaintiff anticipates Defendant designating as corporate representatives the management officials that he notices for deposition. This AR runs afoul of long established Rules of Sequestration. It is another example of how the AR is "unreasonably favorable" to the Defendant and slanted against the Plaintiff. See Gainesville Health Care Ctr., Inc. v. Weston, 857 So. 2d 278, 283-84 (Fla. 1st DCA 2003)(internal citations and quotations omitted).

> **6. If the Court compels arbitration, Plaintiff respectfully requests that it sever the "Limitations of Action" provision, the additional filing fee provision, sever the deposition, Interrogatory, and Request for Documents limitations, and sever the three (3) corporate representatives provision.**

The Eleventh Circuit ruled that even where an arbitration agreement is flawed, arbitration may be compelled if the agreement contains a severability clause and can be saved by severing invalid provisions. Jackson v. Cintas Corporation, 425 F.3d 1313, 1317 (11th Cir. 2005). As Defendant noted, the AA contains a severability clause. Should the Court compel arbitration, Plaintiff respectfully requests that the Court sever the "Limitations of Action" provision which would render any ADEA RFA outside the 90-day Right to Sue period, sever the employer's

filing fee provision, sever the limitations on discovery, and sever the provision allowing Defendant to have three (3) corporate representative during the proceedings.

## **CONCLUSION**

For the reasons stated herein, which constitute good cause shown, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss. Furthermore, Plaintiff respectfully requests that the Court deny Defendant's Motion to Compel Arbitration. Alternatively, if the Court compels arbitration, then Plaintiff respectfully requests that the Court sever the "Limitations of Action" provision from the AR which would render Plaintiff's ADEA RFA outside the 90-day EEOC Right to Sue period, sever the filing fee provision, sever the AR's limitations on discovery, and sever the AR's provision allowing Defendant to have three (3) corporate representative during the proceedings.

Respectfully submitted this 20th day of May, 2011,

/s/ Daniel A. Perez
Daniel A. Perez, Esquire
Florida Bar No. 426903
Bogin, Munns & Munns, P.A.
924 Garfield St.
Melbourne, Florida 32935
Tel: 321-254-3939
Fax: 321-254-3929
Email: dperez@boginmunns.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the original of the foregoing was filed with the Clerk of the Court via the Court's CMECF electronic system this 20th day of May, 2011, and a copy will be served via the Court's CMECF system on Defendant's counsel.

/s/ Daniel A. Perez
Daniel A. Perez, Esquire
Florida Bar No. 426903
Bogin, Munns & Munns, P.A.
924 Garfield St.
Melbourne, Florida 32935
Tel: 321-254-3939
Fax: 321-254-3929
Email: dperez@boginmunns.com
Attorney for Plaintiff